UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE LONG, Individually and as Special Administrator of the Estate of Thelma Landers, Deceased,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN CRANE, INC. and REGAL-BELOIT CORPORATION,<br><br>        Defendants. | Case No. 23-cv-1152-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Julie Long's motion to remand this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, pursuant to 28 U.S.C. § 1447(c) due to procedural deficiencies (Doc. 29). Defendant Regal-Beloit Corporation has responded to the motion (Doc. 34).

**I.**    **Background**

Long filed this lawsuit in St. Clair County individually and on behalf of the estate of her deceased mother, Thelma Landers. Long claims that the defendants are liable for injuries to Landers from exposure to asbestos while she worked for a Regal-Beloit-related company in Earlville, Illinois, and for her subsequent death from lung cancer in July 2016. Regal-Beloit and defendant John Crane Inc. ("Crane") are alleged to have "manufactured, sold, distributed or installed" products from which "large amounts of asbestos fibers emanat[ed]," which injured Landers, and caused her death. Compl. ¶ 5 (Doc. 1-1).

Regal-Beloit noted that the parties were completely diverse—Long, suing individually, is a North Carolina citizen and, suing on behalf of Landers's estate is deemed a Florida citizen

because Landers was a Florida citizen when she died; Crane is an Illinois citizen;[1] and Regal-Beloit is a Wisconsin citizen—and more than $75,000 is in issue.  It took advantage of these facts to remove this case on April 6, 2023, to this Court pursuant to 28 U.S.C. § 1441(a) based on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a).  In its notice of removal, Regal-Beloit represented that no return of service on Crane had been filed in the state court action, so Crane's written consent to removal was not required.

## II.     Remand Briefing

Long asks this Court to remand this case to St. Clair County for two procedural reasons.  The first is that, although there may not have been anything in the state court file on April 6, 2023, indicating Crane had been served with process, it actually had been served on March 29, 2023.  Therefore, as a properly served defendant, Crane was required to join in or consent to Regal-Beloit's removal of the case, yet it had not.  The second reason is that the forum-defendant rule prevented removal because Crane was an Illinois citizen.  Long contends Crane's citizenship cannot be ignored for forum-defendant rule purposes under the fraudulent joinder doctrine, and even if the fraudulent joinder doctrine applied, Crane was not fraudulently joined.

In response, Regal-Beloit concedes that Crane was served before Regal-Beloit removed this case and did not join in or consent to the removal.  However, Regal-Beloit takes the position that Crane was fraudulently joined, so its status as a resident defendant should be ignored for the purpose of the forum-defendant rule and that its consent to removal is not required.

---

[1] In addition to being an Illinois citizen because its principal place of there, Crane also appears to be a citizen of Delaware where, according to the Secretary of States' websites for Illinois and Delaware, it is incorporated.  *See* Office of the Illinois Secretary of State, Corporation/ LLC Search/Certificate of Good Standing, File No. 54449305, https://apps.ilsos.gov/ corporatellc/CorporateLlcController (visited June 20, 2023); Department of State: Division of Corporations, State of Delaware, File No. 2099328, https://icis.corp.delaware.gov/Ecorp/ EntitySearch/NameSearch.aspx (visited June 20, 2023).

**III.    Analysis**

    A.    <u>Removal</u>

A defendant may remove to federal court a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Regal-Beloit removed this case on the basis of the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a), the existence of which no party disputes. This case is not about subject matter jurisdiction but about removal procedures.

Apart from the jurisdictional requirements for removal, there are procedural requirements that can be a basis for remand even though subject matter jurisdiction exists. For example, the "forum defendant rule" means that where diversity jurisdiction under 28 U.S.C. § 1332(a) is the basis for original federal jurisdiction, the case is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b)(2). One of Congress's primary purposes in creating diversity jurisdiction was to allow a non-resident defendant to litigate in a federal forum presumably not impacted by the biases of a local court toward a resident plaintiff. *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013); *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991). However, where local prejudice against a defendant is not an urgent concern because *at least one defendant is local*, the forum defendant rule preserves the plaintiff's choice of forum in state, as opposed to federal, court. *Morris*, 718 F.3d at 665; *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380

(7th Cir. 2000).

In addition, when an action is removed solely under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  There are exceptions to this rule, but the removing defendant must explain in its notice of removal why the consent of the other defendants is missing.  A notice of removal "filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."  *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982) (internal quotations omitted).

These are the two procedural requirements Long claims Regal-Beloit has not satisfied.

B.      Fraudulent Joinder Doctrine

Regal-Beloit, in turn, invokes the fraudulent joinder doctrine to argue Crane's presence in this lawsuit can be disregarded.  The fraudulent joinder doctrine was developed in the context of jurisdictional, not procedural, removal problems.  It applies where a plaintiff has sued a non-diverse defendant solely for the purpose of defeating federal diversity jurisdiction, not because he has any realistic chance of success against that defendant.  *Morris v. Nuzzo*, 718 F.3d 660, 660 (7th Cir. 2013); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009); *see Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  The doctrine of fraudulent joinder allows a court to disregard the citizenship of any fraudulently joined defendant when determining whether the plaintiffs and defendants are completely diverse under 28 U.S.C. § 1332(a).  *Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 763.  The court can then assume jurisdiction over the removed case, dismiss any non-diverse fraudulently joined defendants, and retain jurisdiction over the case.  *Schur*, 577 F.3d at 763.

The fraudulent joinder doctrine tries to:

> strike a reasonable balance between competing policy interests. At one end of the scale is the plaintiff's right to select the forum and the defendants, as well as the general interest in confining federal jurisdiction to its appropriate limits. At the other end of the scale is the defendant's statutory right of removal, and associated interest in guarding the removal right against abusive pleading practices.

*Morris*, 718 F.3d at 668 (citing 14B Wright, Miller, Cooper & Steinman, § 3723 pp. 788-93).

The defendant's burden in establishing fraudulent joinder is heavy, possibly even heavier than its burden with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schur*, 577 F.3d at 764. Fraudulent joinder must be pled with particularity and be supported by clear and convincing evidence. 15A James W. Moore *et al.*, *Moore's Federal Practice- Civil* § 102.21[5][a] (2023)

Fraudulent joinder occurs in two circumstances: (1) when there is no possibility that a plaintiff can state a cause of action against a non-diverse defendant or (2) where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). To establish fraudulent joinder under the first prong, a defendant must demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original); *accord Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 764. If there is "any reasonable possibility," *Poulos*, 959 F.2d at 73, that the plaintiff could succeed against a defendant, the defendant will not be deemed fraudulently joined. *Schur*, 577 F.3d at 764.

To establish fraudulent joinder under the second prong, a defendant must show the joinder was "without right and made in bad faith" because a defendant had "no real connection with the controversy." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). To establish this kind of fraudulent joinder, the defendant must provide "facts rightly engendering"

the conclusion that the joinder is "only a fraudulent device to prevent a removal." *Id.* "Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice:  the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *Id.*; *see Southern Ry. Co. v. Lloyd*, 239 U.S. 496, 500 (1916) ("In no case can the right of removal be established by a petition to remove which amounts simply to a traverse of the facts alleged in the plaintiff's petition, and in that way undertaking to try the merits of a cause of action, good upon its face."). Under this theory of fraudulent joinder, "only uncontroverted evidence showing unmistakably that a diversity-defeating defendant has absolutely no connection with the events giving rise to a case will establish fraudulent joinder." *Hill v. Olin Corp.*, No. 07-cv-54-DRH-CJP, 2007 WL 1431865, at *7 (S.D. Ill. May 14, 2007).

        1.        <u>Applicability to Forum Defendant Rule</u>

The reach of the fraudulent joinder doctrine into the realm of removal procedural rules is matter of contention.  More than a decade ago, this Court held the doctrine is inapplicable to avoid the forum defendant rule. *See Davenport v. Toyota Motor Sales*, No. 09-cv-532-JPG, 2009 WL 4923994, at *3 (S.D. Ill. Dec. 14, 2009) (holding fraudulent joinder doctrine "does not permit a court to disregard the citizenship of a defendant for purposes of avoiding the forum defendant rule where complete diversity exists"), *citing Yount v. Shashek*, 472 F. Supp. 2d 1055, 1059 (S.D. Ill. 2006) (same).

But later, in 2013, the Seventh Circuit Court of Appeals decided *Morris v. Nuzzo*, 718 F.3d 660 (7th Cir. 2013). *Morris* did not resolve the issue but left the door open for application of the doctrine to procedural removal rules depending on the circumstances of a case and the balancing of the interests involved. *Id.* at 668.  It noted that applying the fraudulent joinder

doctrine to avoid the forum defendant rule would constitute "a nontrivial expansion of the removal right," *Id.* at 668, and it listed factors that should be considered when deciding whether to make such an expansion. It is, of course, relevant whether there is a threat of bias by a local court, the main justification for providing a defendant the right to removal. *Id.* Without threat of bias, the Court's interest in protecting a non-resident defendant's right to remove is diminished. *Id.* at 668-69.

Nevertheless, the absence of bias does not always trump the defendant's statutory right of removal. *Id.* at 669. Without application of the fraudulent joinder doctrine to the forum defendant rule, removability may turn on the citizenship of a defendant who has no business in the case regardless of where he is a citizen, leading to new opportunities for plaintiffs' bad-faith pleading shenanigans to defeat an otherwise proper removal. *Id.* at 669-70. *Morris* indicated that application of the fraudulent joinder doctrine to avoid a plaintiff's artful pleading as a "device" to defeat removal "seems consistent" with protecting the right to removal. *Id.* at 670. Nevertheless, *Morris* concluded by noting the longstanding rule that the removal statutes should be narrowly construed in favor of the plaintiff's choice of forum, and to do otherwise might come with costs that outweigh the benefits in the rare instance where a plaintiff uses abusive pleading tactics. *Id.* The *Morris* Court assumed the doctrine applied, but found that there was no fraudulent joinder. *Id.* at 671, 673.

After *Morris*, some district courts in the Seventh Circuit have applied the fraudulent joinder doctrine to the forum defendant rule and found that a fraudulently joined resident defendant will not preclude removal by a nonresident defendant. *Bahalim v. Ferring Pharms., Inc.*, No. 16 C 8335, 2017 WL 118418, at *4 (N.D. Ill. Jan. 12, 2017) (weighing interests at play in forum defendant rule and finding fraudulent joinder doctrine applied). Other district courts

7

have rejected such an application. *See, e.g., Antcliff v. Custom Blending & Packaging of St. Louis, LLC*, No. 18-cv-1776-NJR-GCS, 2019 WL 276156, at *3 (S.D. Ill. Jan. 22, 2019) (remanding case; relying on the traditional narrow construction of removal statutes in favor of the plaintiff's choice of forum).

        2.      Applicability to Rule of Unanimity

With respect to the rule of unanimity—that is, the rule that requires all defendants properly joined and served to consent to removal—Regal Beloit has pointed to no Seventh Circuit holding or analysis regarding whether the fraudulent joinder doctrine can excuse a served party's missing consent. In support of its position that it applies, Regal-Beloit cites only two district court cases and no appellate cases. *Boruff v. Transervice, Inc.*, No. 2:10-CV-00322 JD, 2011 WL 1296675, at *3 (N.D. Ind. Mar. 30, 2011); *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 3:12-CV-60092-DRH, 2013 WL 656822, at *3 (S.D. Ill. Feb. 22, 2013). As the latter of those cases reminds, "[D]istrict court opinions have no precedential value and are not binding on this court." *In re Pradaxa*, 2013 WL 656822, at *2.

    C.      Application to this Case

Regal-Beloit has not carried its burden to show that the fraudulent joinder doctrine applies in the forum defendant rule or rule of unanimity context. In *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013), the Seventh Circuit Court of Appeals left the door open to its application to the forum defendant rule, but Regal Beloit does not persuade the Court that the *Morris* factors weigh in favor of application in this case. Long did not sue Crane, a diverse resident defendant, and then improperly delay serving it; in fact, she served Crane shortly after she filed her complaint and before Regal-Beloit filed its notice of removal. Long's choice of forum is not her home forum, so bias against the non-resident defendant is unlikely. And without

addressing the adequacy of the pleading of the complaint, Regal-Beloit asserts that Long is engaging in gamesmanship.  As discussed below, Long's pleading is adequate.  Finally, without compelling analysis, Regal-Beloit asserts that its right to removal reigns supreme over Long's right to choose her forum and her defendants.  In sum, Regal-Beloid has simply failed to carry its heavy burden of persuading the Court that the *Morris* factors weigh in favor of straying from the traditional narrow construction of the removal statutes,

The Court turns to application of the fraudulent joinder doctrine to the unanimity rule.  As a preliminary matter, it is clear that Regal-Beloit has failed—to this day—to obtain Crane's written consent to removal as 28 U.S.C. § 1441(b)(2) requires.  It explains in the notice of removal that Crane's consent is not required because there was no return of service in the record.  Notice of Removal ¶ 7 (Doc. 1).  But no authority suggests the failure to file proof of service in the court file excuses the obligation to obtain a served party's consent to removal.  And as with the forum defendant rule context, Regal-Beloit has not provided convincing authority that a fraudulently joined defendant need not consent to removal.

Most importantly, though, Crane was not fraudulently joined.  Consequently, even if the aforementioned two procedural rules *could* be disregarded, they would not be in this case.  Under the first theory of fraudulent joinder, Long has pled that Crane manufactured, sold, distributed or installed asbestos that harmed her mother.  If the Court resolves all issues of law and fact in Long's favor as those issues are presented in her complaint—that is, if the facts show that Crane was responsible for asbestos that injured Long's mother—she can establish a cause of action against Crane.  Crane was not fraudulently joined under the first theory of the doctrine.

Under the second theory of fraudulent joinder—that a defendant has no real connection with the dispute—Regal-Beloit has failed to carry its heavy burden.  To establish fraudulent

joinder under this theory, Regal-Beloit must point to facts compelling the conclusion that Crane had no real connection with the controversy. Rather than pointing to affirmative, uncontroverted facts making this showing, Regal-Beloit points to an *absence* of facts discovered in prior litigation. While this may be enough to raise the question of whether Crane is involved in this controversy—a question rightly reserved for summary judgment or trial—the failure to discover a connection with Crane in a prior case is not clear and convincing evidence that compels the conclusion it is not involved in the controversy.

Because Regal-Beloid has not carried its heavy burden of showing Crane was fraudulently joined under either theory of the doctrine, even if the fraudulent joinder doctrine applied to the procedural removal rules, this case would be subject to remand.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Long's motion to remand (Doc. 29) and **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. This ruling renders **MOOT** the parties' joint motion to appoint a private mediator in this case (Doc. 38).

**IT IS SO ORDERED.**
**DATED:  July 14, 2023**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**